WARD, Justice Pro Tern.**
Donald Arbuthnot, while confined in the State Penitentiary at Angola after his conviction for armed robbery, was charged with the crime of attempted simple escape from that institution. After trial, a jury of twelve persons returned a verdict of guilty as charged. The Trial Judge thereafter sentenced Arbuthnot to serve two years consecutively, meaning in addition to the sentence he was serving for armed robbery.
Arbuthnot has appealed both his conviction and his sentence. He contends that his conviction should be reversed because, first, the verdict was based upon an invalid bill of information, and second, because the verdict is not supported by the evidence. As to his sentence, Arbuthnot believes that it is excessive, and he has requested this Court to vacate it and to remand his case to the Trial Judge for resentencing.
We affirm both the conviction and sentence.
Arbuthnot makes two arguments why his conviction should be reversed. The first argument is directed to the wording of the bill of information, and his counsel made a motion in the Trial Court after the jury was selected but outside their presence, asking the Trial Judge to quash what counsel believed to be a faulty bill of information. Arbuthnot argued then, as he does now, that the bill is invalid as a so-called long form of information because it does not allege all of the elements of the crime, and he argues that it is invalid as a short form of information because it does not follow the exact wording prescribed by statute. Hence, he contends it is not acceptable as either a long or a short form bill of information.
The bill charged Arbuthnot with attempted simple escape by using the following language:
“Donald Arbuthnot committed attempted simple escape from Louisiana State Penitentiary, a place where he was lawfully confined, wherein human life was not endangered.”
The bill obviously does not meet the requirements of a long form of information, but we nevertheless believe it is a valid short form information.
La.CICr.P. Art. 465, which authorizes the use of short forms to charge crimes, suggests the form of an information which may be used to charge the crime of attempted simple escape. Yet the suggested language of the short form is not so sacrosanct that words may not be added if it contains the other necessary averments. Statements of additional facts pertaining to the offense charged will not affect the sufficiency of the short form bill of information. La.C.Cr.P. Art. 465(B). So the phrase “wherein human life was not endangered” added to the short form did not destroy its validity. Furthermore, Arbuthnot’s motion to quash, made after the jury was selected, was not timely filed. La.C.Cr.P. Arts. *237 535(A)(2) and 761. For both these reasons, therefore, the Trial Judge was correct in denying Arbuthnot’s motion to quash the bill.
Arbuthnot’s second argument is that his conviction should be reversed because the evidence was insufficient to support the jury verdict. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) held that due process requires more than some evidence of guilt to support a verdict of guilty, which was formerly the Louisiana standard, and the United States Supreme Court established what is now the sufficiency of evidence test: a verdict of guilty must be set aside if a reasonable trier of fact, viewing the evidence in the light most favorable to the State, could not conclude the crime had been proven beyond a reasonable doubt. Arbuthnot, relying on the Jackson case, now argues that the State did not prove a specific intent to commit the crime of simple escape (one of the elements of the crime of attempted simple escape) and that no reasonable trier of fact could conclude the crime had been proven beyond a reasonable doubt, even when the evidence is construed in the light most favorable to the State.
A synopsis of the uncontested facts is necessary to understand why Arbuthnot believes the verdict must be reversed. In 1976, a jury convicted Arbuthnot of armed robbery, and he was sentenced to the custody of the Director of the Department of Corrections, who ordered Arbuthnot transferred to Angola. Shortly thereafter, Ar-buthnot became a trustee, a status which gave him a measure of freedom in the barracks area on the penitentiary grounds, and, although confined to the dormitory housing, he was free to move from place to place, as long as he reported to his assigned duties. Nonetheless, on November 30,1976, although Arbuthnot was present at his dormitory at 7:00 a.m., he was absent from the regular 4:15 evening roll call. A search party was formed immediately, but Arbuth-not was not found until 5:00 p.m. the next day, hiding underneath another dormitory about two hundred yards from his own. A hole had been smashed in that dormitory’s foundation of cinder blocks and Arbuthnot had crawled through the hole and concealed himself by lying on top of ventilation ducts on top of the dormitory. .
As counsel for defendant contends, one of the elements of the crime of simple escape is a specific intent to escape.
“Specific criminal intent is that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act.” LSA-R.S. 14:10.
And as counsel also points out, this court, in a remarkably similar case, reversed a conviction of escape because it believed there was insufficient evidence to support a verdict of guilty where an essential element of the crime, a general criminal intent to escape, had not been proved beyond a reasonable doubt. State v. Liggett, 363 So.2d 1184 (La.1978).
In spite of the similarities, however, there are substantial differences. In the Liggett case, Liggett disappeared in the morning when he failed to appear for a work detail. He was found the same afternoon in the prison cannery, hiding in a conveyor, lounging on one of the belts with a pillow under his head, reading a pocket novel. In this case, Arbuthnot also was last seen in the morning, but he was not found until the next afternoon, more than thirty hours later, hiding not in the languid style of Lig-gett, but furtively, in cramped quarters, under a dormitory on top of ventilation ducts.
We believe that Arbuthnot’s motion for a new trial was properly denied because there is sufficient evidence to support the jury verdict. Arbuthnot’s absence of more than thirty hours, his entering the hiding place through a hole smashed in a cinder block foundation, and his spending the November night in cold, cramped quarters rather than in his dormitory bed, are evidentiary facts which, when considered in the light most favorable to the State, might well convince a reasonable trier of fact that the State had proved beyond a reasonable doubt that Ar-buthnot had a specific intent to escape.
Finally, Arbuthnot contends that his sentence is excessive. The Trial Judge, af *238 ter considering the sentencing guidelines of La.C.Cr.P. Art. 894.1, explained the reasons for his sentence.. He indicated that he considered the seriousness of this offense to be of great importance in determining an appropriate sentence, meaning Arbuthnot must consider the consequences of attempts to escape. We agree; the sentence is not excessive.
Both the conviction and sentence are affirmed.

 Judges William H. Byrnes and David R.M. Williams of the Court of Appeal, Fourth Circuit, participated in this decision as Associate Justices Pro Tempore, with Chief Justice Dixon and Associate Justices Marcus, Blanche and Lemmon.